# EXHIBIT 8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                    JUDGE:  BOB N. KRUG           DATE: May 3, 2007

CASE NO.:SWHSS – **9290**         CLERK:  V. GAYTON            COUNSEL:

DEPT.:  S-16                      BAILIFF: --

CASE TITLE:        In the Matter of the Application of
                   **DONALD W. BOONE**
                   on Habeas Corpus

---

NATURE OF PROCEEDINGS:

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

MINUTE ORDER:

Pursuant to the Petitioner's request, the court is making an immediate ruling on his Petition for Writ of Habeas Corpus filed on March 7, 2007 without the requested Response from the Respondent or setting the matter for hearing.

The Petitioner filed this Petition to set aside the Governor's reversal of the Board of Parole Hearings granting parole to the Petitioner at the hearing on August 10, 2006.  The Governor's letter of reversal was dated December 21, 2006.

In his letter, the Governor states that he reviewed and considered the same facts as considered by the Board as he is required to do.  Citing In re Morrall 102 CA 4th 280; In re Martha 122 CA 2nd 654.

In his letter, the Governor states the reasons for reversal of the decision granting parole and found that while the Petitioner had made credible gains while in prison, the negative factors weighing against parole outweighed the factors favoring parole.

The Governor stated his belief that the release of the Petitioner would pose an unreasonable risk and danger to society.

The letter of reversal of the Governor and the record of the proceedings before the Board on August 10, 2006, state the facts and circumstances of the crime and there is no need to repeat them in this order.  Sufficient to say, they demonstrate a needless and senseless killing of the Petitioner's wife because she wanted to terminate her marriage to the Petitioner.  The letter of the Governor provided a written statement specifying the reasons for reversal as is required.  In re Arafilies 6 CA 4th 1467.

The Petitioner contends that the Governor's decision must be supported by a preponderance of

evidence, contrary to the California Supreme Court's holding in In re Robert Rosenkrantz 29 Cal 4th 616. He then contends that Penal Code § 3041.2 is unconstitutional. Having made this contention, he cites no authority for support of this position.

His third claim is that his due process rights were violated by the Governor reversing the Boards granting of parole for the second time. However, he again cites no authority for this proposition and only makes his own self-serving arguments. People v. Karis 46 Cal 3rd 612.

In re Rosenkratz, Supra, set forth the rules of review to be followed by a lower court in determining whether the decision by the Governor to deny parole on the finding of evidence of unsuitability under C.C.R. Title 15; Section 2402(d), should be set aside.

Penal Code § 3041(b)(1) provides for parole review of inmates such as Petitioner and further provides that such inmates should be given a release date unless the Board or the Governor, as in this case, determines that the gravity of the current convicted offense is such that consideration of public safety requires a more lengthy period of incarceration. California Code of Regulations, Title 15; Section 2042(a) – (d) sets for the rules by which the Board and Governor is to make a determination. As stated by the court, parole applicants have an expectation of being granted parole unless the Board or the Governor finds that in the exercise of its or his discretion, that the applicant is unsuitable. The operative words are "in the exercise of its or his discretion". Judicial review is limited only to a determination of whether there is "some evidence" in the record to support the decision. As held by the court, the statement "some evidence" is extremely deferential. A reviewing court is prohibited from conducting an independent assessment of the merits for considering whether substantial evidence supports the findings of the Board in its underlying decision. The Board is required to consider the prisoner's background, his institutional participation, his parole plans, as well as psychological evaluations. The Governor is bound by the constitution to consider the same factors. The California High Court did rule that the nature of the inmates offense can constitute a sufficient basis for denying parole, but the Board and the Governor must not fail to consider all relevant factors and such consideration must be more than mere pro forma. The gravity of the offense may be a basis for denial of parole but that determination is to be made on "some evidence" and not to the exclusion of other factors relevant to suitability. A denial of parole may not be the result of an arbitrary and capricious determination of the evidence. To do so is denial of due process rights.

In his decision reversing the Board's finding of suitability for parole, the Governor did consider the positive factors which favored parole and found that the Petitioner continues to pose a risk of danger to society. While the decision of the Governor did not evaluate the weighing process he engaged in in reaching his decision, the Rosenkrantz court, at page 677, clearly states that the Board nor the Governor need not explain its or his decision for the precise manner in which specific facts were relevant to parole suitability. This consideration of balancing lies solely in the discretion of the Board and the Governor.

The court has reviewed the record before the Board and the letter of reversal from the Governor. The court finds that there was more than "some evidence" to support the Governor's reversal of the Board's decision granting parole. The contentions raised by the Petitioner in opposition to the Governor's reversal are all without merit and the Petition is denied.